IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, # B-52858, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-124-JPG |
| | ) |
| DONNA S. HEIDEMANN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On February 6, 2013, following the Memorandum and Order entered in *Malone v. Leszcwski, et al.*, Case No. 13-cv-38-JPG (Doc. 1 in the instant case), this matter was severed from the original case. Plaintiff was directed to notify the Court by March 13, 2013, if he did not wish to proceed with this severed claim for creating a threat of harm to Plaintiff by posting an article about his conviction, in order to avoid incurring an additional $350 filing fee in this new case. That deadline has now passed, and Plaintiff has not notified the Court of any intent to dismiss the instant action. Accordingly, service shall be ordered on the Defendant in this case.

Also before the Court is Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 3). Plaintiff has submitted an affidavit stating that in the year preceding the date he filed the original action, he had no income other than $10/month from his prison job, and had no assets or cash on hand. However, he has not tendered a certified copy of his inmate trust fund account statement, to cover the six-month period immediately preceding the date this case was severed from Case No. 13-cv-38-JPG. The Clerk has requested the required statements from the

Trust Fund Officer at Pinckneyville Correctional Center, for the six-month period prior to the date this case was severed from the original action (Doc. 5).  Following the receipt of that information, an order shall issue for the payment of the initial partial filing fee as outlined in 28 U.S.C. § 1915(b)(1).  The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full.  Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee.

Accordingly, Plaintiff's motion to proceed IFP in this case (Doc. 3) is **GRANTED**.  The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Pinckneyville Correctional Center.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **HEIDEMANN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the Order at Doc. 1, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff.  If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be

used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding any grant of an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 25, 2013**

    s/ J. PHIL GILBERT
**U.S. District Judge**