UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. MALONE,

    Plaintiff,

        v.

DONNA S. HEIDEMANN,

    Defendant.

Case No. 13-cv-124-JPG-PMF

## MEMORANDUM AND ORDER

    This matter comes before the Court on plaintiff William A. Malone's objection to the "bench trial" scheduled for January 29, 2015, before Magistrate Judge Philip M. Frazier (Doc. 34). As a preliminary matter, this case is not set for a "bench trial." It is set for an evidentiary hearing to facilitate proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and Local Rule 72.1(a)(2).

    The Court construes Malone's filing as a motion for a jury trial. No party has made a jury demand within the strictures of Federal Rule of Civil Procedure 38(b) when this case was filed nearly two years ago. Accordingly, they have waived the right to a jury trial. Fed. R. Civ. P. 38(d). Nevertheless, even where the parties have waived the right to a jury trial, the Court has discretion to order a jury trial on any issue a jury could have heard "if a good reason for the belated demand is shown." *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007); *see* Fed. R. Civ. P. 39(b); *Members v. Paige*, 140 F.3d 699, 703-04 (7th Cir. 1998). In deciding whether to grant a belated request for a jury trial, courts have considered factors such as:

> (1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of the delay; and (5) the reason for the movant's tardiness in demanding a jury trial.

*Synet, Inc. v. Microsoft Corp.*, No. 95 C 6195, 1998 WL 102707, at *2 (N.D. Ill. Mar. 2, 1998);

    As for the first factor, this case involves allegations that defendant Donna S. Heidemann, the librarian in the Illinois Department of Corrections facility where Malone was housed, posted on a bulletin board a news article about Malone's criminal conviction for aggravated criminal sexual assault. He alleges this caused him to be harassed and threatened. These claims are equally suited to be heard by a jury or the Court.

As for the second and fourth factors, this case is scheduled for an evidentiary hearing in three weeks. Allowing this case to proceed as a jury trial would necessitate a delay of months for the Court to attempt to recruit counsel to represent Malone at trial, which it does as a matter of course for otherwise *pro se* plaintiffs proceeding to jury trial. Furthermore, the Court's jury trial schedule is packed with a number of cases that have been ready for trial far longer than Malone's. It would be unfair to allow him a priority over other case, so his jury trial would likely not occur for a number of months. Magistrate Judge Frazier has been able to fit this case onto his docket promptly, and the Court is not inclined to disturb that setting at this late date.

No mention is made of prejudice, but the Court notes that it is generally not advisable to unnecessarily delay resolution of cases because memories tend to fade with time.

Finally, and most importantly, Malone has not offered a single reason for the delay in requesting a jury trial until the month of the scheduled evidentiary hearing.

In sum, the Court prefers to proceed to the expeditious resolution of this case by way of an evidentiary hearing from which Magistrate Judge Frazier will recommend findings of fact and conclusions of law. The Court is further convinced that Malone will receive a fair hearing before Magistrate Judge Frazier and will not be prejudiced by the lack of a jury trial. Accordingly, the Court **DENIES** his motion for a jury trial (Doc. 34).

**IT IS SO ORDERED.**
**DATED:   January 8, 2015**

                                                          s/J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**