## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM A. MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-124-NJR-PMF |
| | ) | |
| DONNA S. HEIDEMANN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on the Report and Recommendation of United States Magistrate Judge Philip Frazier, which recommends that judgment be entered in favor of Defendant Donna Heidemann (Doc. 65). The Report and Recommendation was entered on September 3, 2015, and Plaintiff William Malone filed a timely objection (Doc. 68). The Court has carefully reviewed Magistrate Judge Frazier's Report and Recommendation, Plaintiff's objections, the transcripts from the evidentiary hearing, the exhibits submitted by the parties, and the record as a whole. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Report and Recommendation.

## <u>BACKGROUND</u>

Plaintiff William Malone is an inmate in the custody of the Illinois Department of Corrections at Pinckneyville Correctional Center. In February 2013, he filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 consisting of sixteen factually unrelated claims

(Doc. 1). Only six of Plaintiff's claims survived the Court's threshold review under 28 U.S.C. § 1915A, and those six claims were severed into six separate cases (Doc. 1).

This case involves Malone's deliberate indifference claim against Donna Heidemann, the former law librarian at Pinckneyville. In short, Malone claims Heidemann posted documents on the bulletin board in the library that contained information about his criminal conviction and his father's criminal background, which caused him to be harassed, threatened, and assaulted by other inmates.

This case was originally assigned to District Judge J. Phil Gilbert and Magistrate Judge Philip Frazier. Because neither party made a demand for a jury trial, Judge Gilbert referred the case to Magistrate Judge Frazier pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and Local Rule 72.1(a)(2). Magistrate Judge Frazier held an evidentiary hearing on February 10, 2015 (Docs. 43, 57), which was continued on June 22, 2015 (Docs. 62, 71).[1] Shortly thereafter, this case was reassigned from Judge Gilbert to the undersigned (Doc. 63). On September 3, 2015, Magistrate Judge Frazier submitted a Report and Recommendation setting forth findings of fact and conclusions of law and recommending judgment in favor of Defendant and against Plaintiff (Doc. 65). Plaintiff filed a timely objection to the Report and Recommendation (Doc. 68), to which Defendant did not respond.

## DISCUSSION

Because timely objections were filed, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P.

---

[1] A hearing was supposed to be held on May 5, 2015, but a miscommunication occurred, and Plaintiff was not brought to the courthouse; efforts to hold the hearing via videoconferencing were unsuccessful (Doc. 53).

72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

## A.  Findings of Fact

The findings of fact in the Report and Recommendation are based on the exhibits submitted by the parties, the testimony of the witnesses, and Magistrate Judge Frazier's own observations and inferences. Some of Plaintiff's objections relate tangentially to the findings of fact, but he does not directly challenge any of the facts themselves. In other words, the facts of this case are essentially undisputed by the parties. The Court has reviewed the findings of facts and concludes they are not clearly erroneous, and in fact, they accurately reflect the evidence and proper inferences to be drawn from them. Accordingly, Magistrate Judge Frazier's findings of fact are adopted in full and will not be restated here.

## B.  Conclusions of Law

As stated by Magistrate Judge Frazier, in order for Plaintiff to succeed on his Eighth Amendment claim against Defendant Heideman, he had to establish by a preponderance of the evidence that Defendant's actions or inactions created an

objectively serious risk of harm to his health or safety and that Defendant was deliberately indifferent to that risk. Based on the evidence presented, Magistrate Judge Frazier concluded that Plaintiff failed to sustain his burden with respect to either element. Consequently, Magistrate Judge Frazier recommended granting judgment in favor of Defendant Donna Heidemann and against Plaintiff William Malone.

Plaintiff filed a ten-page document from which the Court has identified five separate objections (Doc. 68).

### 1.  Objection 1

Plaintiff first objects to Magistrate Judge Frazier's statement that no jury demand was made by either party (Doc. 68, p. 2). Plaintiff argues that he "clearly requested . . . a trial by jury . . . " (Doc. 68, p. 2). This argument does not directly challenge any of the findings of fact, conclusions of law, or recommendations set forth in the Report and Recommendation. Consequently, it does not constitute a specific objection as contemplated by Rule 72(b) or Local Rule 73.1(b) and does not trigger a *de novo* review, or justify rejecting any portion of the Report and Recommendation. Instead, it appears that Plaintiff is simply voicing his dissatisfaction with the denial of his belated request for a jury trial (*see* Docs. 34, 35). To the extent Plaintiff is asking the Court to reconsider this ruling, the Court declines to do so for two reasons. First, Plaintiff's request is untimely. Plaintiff should have sought reconsideration *before* significant judicial resources were expended conducting not one, but two, evidentiary hearings and preparing the Report and Recommendation. Second, Plaintiff has failed to provide a compelling reason why the undersigned should reexamine Judge Gilbert's earlier ruling.

Neither party made a jury demand in their pleadings (*see* Doc. 2, Doc. 18). It was only after the evidentiary hearing in front of Magistrate Judge Frazier was scheduled that Plaintiff filed his "Motion to Object to Bench Trial and Final Pretrial Order" (Doc. 34). Judge Gilbert construed the motion as a motion for a jury trial (Doc. 35). He denied the motion for a number of reasons, but most significantly because Plaintiff had not "offered a single reason for the delay in requesting a jury trial until the month of the scheduled evidentiary hearing" (Doc. 35). Plaintiff still has not done so (*See* Doc. 68). Consequently, there is no reason to revisit this ruling or reject any portion of the Report and Recommendation. This objection is overruled.

### 2. Objection 2

Plaintiff next argues that the evidentiary hearing was premature because he still did not have certain records that he had requested during discovery (Doc. 68, pp. 2–3). As a result, he claims he was precluded from effectively testifying or presenting evidence about a number of topics (*Id*). Plaintiff claims he brought the issue of the missing records to Magistrate Judge Frazier's attention in a Motion to Compel, but Magistrate Judge Frazier never fully addressed the motion or compelled Defendant to produce the records (*Id.* at p. 3). In particular, Plaintiff claims he requested but never received:

(a) All investigative records created by [Pinckneyville Internal Affairs] Investigators regarding Plaintiff(s) criminal convictions, and the criminal background of Plaintiff(s) father being posted by Defendant DONNA S. HEIDEMANN, in the Prison Law Library;

(b) How this exact same information was discovered in two offender(s) personal property;

> (c) About Plaintiff being assaulted, and extorted by the same two inmates, and others as a result of this wreckless [sic] abuse of authority in this same camp;
>
> (d) [Pinckneyville's] Policy, Procedures, and Prohibitions on posting un-authorized materials on bulletin boards; and
>
> (e) The investigation of Plaintiff's grievances involving issues A through E above

(Doc. 68, p. 4).

Like the first objection, Plaintiff's second objection does not directly challenge anything set forth in the Report and Recommendation, and it does not constitute a specific objection as contemplated by Rule 72(b) or Local Rule 73.1(b). Instead, the crux of this objection is Plaintiff's attack on Magistrate Judge Frazier's denial of his motion to compel and perhaps on other rulings related to discovery as well (*see* Docs. 50, 57). To the extent Plaintiff is asking the Court to revisit this ruling, the Court declines to do so for two reasons. Once again, Plaintiff's request is untimely. Magistrate Judge Frazier denied Plaintiff's motion to compel at the evidentiary hearing on June 22, 2015 (*see* Doc. 71). Under the Local Rules, Plaintiff had fourteen days to appeal that order to the district judge. 28 U.S.C. § 636(b)(1)(A); SDIL-LR 73.1(a). But Plaintiff waited four months to speak up.

Second, Plaintiff has not shown that Magistrate Judge Frazier's ruling was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). At least some of these documents—specifically, the records pertaining to the Internal Affairs investigation(s)—were, in fact, produced to Plaintiff (*see* Doc. 43).[2] With respect to the other documents, Plaintiff did not submit any proof that he actually

---

[2] The Pretrial Exhibit Stipulation filed by the parties indicates these records were labeled as Defendant's Exhibit 4.

requested them from Defendant. And it does not appear that any of them were specifically requested in Plaintiff's motion to compel (*see* Doc. 50). To the extent that they were, Magistrate Judge Frazier addressed the motion to compel at the evidentiary hearing on June 22, 2015 (*see* Doc. 71, pp. 15–19). The motion to compel was denied because discovery was closed by the time Plaintiff filed the motion, and Plaintiff admitted he wanted the documents only for the impermissible purpose of "collateral impeachment" (Doc. 71, pp. 18–19). Consequently, the Court sees no reason to revisit this ruling or reject any portion of the Report and Recommendation. Plaintiff's objection is overruled.

### 3.  Objection 3

Plaintiff's third objection pertains to paragraphs 19 through 23 of the Report and Recommendation in which Magistrate Judge Frazier set forth findings of fact regarding the testimony of the six inmate witnesses called by Plaintiff (Doc. 68, p. 4; Doc. 65, p. 5). Plaintiff claims that he was "forced with no other alternative to utilize unscreened and unprepared witnesses" (Doc. 68, p. 4). He further claims that, had he known their testimony was going to be useless or adverse to him, he would have asked the Court to order Pinckneyville to allow him to communicate with the witnesses in order to prepare/screen them (Doc. 68, pp. 4–5). Plaintiff claims that had he been able to do so, he would have selected different witnesses, which would have resulted in a different outcome in Magistrate Judge Frazier's findings of fact (Doc. 68, p. 6).

The Court is unpersuaded by this argument. Plaintiff initially submitted a list of twelve inmate witnesses (*see* Doc. 36). Magistrate Judge Frazier reviewed Plaintiff's list,

as well as the witnesses' affidavits, and concluded that all twelve witnesses were unnecessary and their testimony was likely to be cumulative (Doc. 36). So Magistrate Judge Frazier randomly selected three: Derrick Searcy, Raymond Ramsey, and Andre Crosswhite (Doc. 36; Doc. 57, pp. 72–74). Those three witnesses testified at the February 10th evidentiary hearing (*see* Doc. 57). Their testimony was admittedly not what Plaintiff expected and not helpful to him. Plaintiff believed these three witnesses did not want to testify because doing so would compromise their safety at the prison (*Id.*; *see* Doc. 57, pp. 74–79). Magistrate Judge Frazier then agreed to allow Plaintiff to select three more witnesses to testify when the hearing reconvened in June (*see* Doc. 57, pp. 74–79). Plaintiff selected Christopher Harris, James Sims, and Jose K. Larry Forte because he believed they would not be afraid to testify (*Id.*).

Thus the record reveals that Plaintiff was allowed to call a number of witnesses, and he had adequate time to prepare for the hearing. There is nothing that suggests, however, that Plaintiff ever sought to depose his witnesses or otherwise prepare them to testify or that he was prevented from doing so. It appears that Plaintiff is basically asking for a do-over to make up for his deficiencies in conducting discovery and preparing for the hearing. That is not how litigation works, especially when Plaintiff has offered nothing but his own vague and speculative assertion that things would be different a second time around. Consequently, this objection is insufficient to justify rejecting any portion of the Report and Recommendation. Plaintiff's objection is overruled.

### 4. Objection 4

In his fourth objection, Plaintiff takes issue with the manner in which the

deposition was conducted and Magistrate Judge Frazier's refusal to strike the deposition (Doc. 68, pp. 6–7). Plaintiff believes that things would have played out differently, and he would have been able to elicit "vital testimony from Defendant," if he had been represented by counsel (*Id.* at pp. 6, 9). Once again, this objection does not directly challenge anything set forth in the Report and Recommendation. Consequently, it does not constitute a specific objection as contemplated by Rule 72(b) or Local Rule 73.1(b) and does not trigger a *de novo* review, or justify rejecting any portion of the Report and Recommendation. Instead, the crux of this objection is Plaintiff's attack on Magistrate Judge Frazier's previous ruling that Defendant's deposition was admissible. To the extent Plaintiff is asking the Court to revisit this ruling, the Court declines to do so for two reasons. First, Plaintiff's request is untimely. Magistrate Judge Frazier denied Plaintiff's motion to strike the deposition on June 4, 2015 (Doc. 59). Plaintiff had fourteen days to appeal that order to the district judge, but he waited over four months. 28 U.S.C. § 636(b)(1)(A); SDIL-LR 73.1(a).

Plaintiff also has not shown that Magistrate Judge Frazier's ruling was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); SDIL-LR 73.1(a). At the time of her deposition, Defendant was seriously ill, living in a rehabilitation facility, and receiving chemotherapy treatments for cancer. After reviewing her deposition, Magistrate Judge Frazier noted that Defendant's "memory was poor, and her remarks were often confused, coached, or non-responsive" (Doc. 65, p. 6). For those reasons, he found Defendant Heidemann's testimony "not particularly credible," and he afforded it very little (if any) weight. That is an entirely reasonable

alternative to striking the deposition altogether. Accordingly, the Court sees no reason to revisit this ruling or reject any portion of the Report and Recommendation. Plaintiff's objection is overruled.

### 5.  Objection 5

In his final objection, Plaintiff challenges the denial of his request for counsel (Doc. 68, pp. 7–9). He also brought up the matter of appointment of counsel in a number of his previous objections. Once again, however, this argument does not directly challenge anything set forth in the Report and Recommendation. Thus it does not constitute a specific objection as contemplated by Rule 72(b) or Local Rule 73.1(b) and does not trigger a *de novo* review, or justify rejecting any portion of the Report and Recommendation. To the extent Plaintiff is asking the Court to revisit Magistrate Judge Frazier's denial of his request for counsel (*see* Doc. 51), his request is denied because he has not shown that that Magistrate Judge Frazier's ruling was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a).

According to the docket, Plaintiff filed only one motion requesting counsel throughout the course of this litigation (Doc. 49). Magistrate Judge Frazier denied the motion because there was no evidence that Plaintiff made a reasonable effort to retain counsel or that he was effectively precluded from doing so (Doc. 51). Plaintiff claims that, in response, he submitted two letters from organizations to whom he had reached out for legal assistance, but Magistrate Judge Frazier never revisited his request for counsel (Doc. 68, p. 7; Doc. 68-1, pp. 14–15). The undersigned doubts that Magistrate Judge Frazier ever saw those letters given that they were buried in the middle of 80

pages of exhibits attached to a motion wholly unrelated to the recruitment of counsel (Doc. 58-2, p. 14; Doc. 58-3, p. 16).[3] Even if Magistrate Judge Frazier saw the letters, Plaintiff never indicated that they were submitted with the expectation that Magistrate Judge Frazier would reconsider his request for counsel.

Simply put, Plaintiff never renewed his request for counsel, and Magistrate Judge Frazier had no reason to *sua sponte* reconsider his request for counsel because at no time did Plaintiff show that he was incapable of adequately representing himself. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). This was not a difficult case; in fact, it is one of the more straightforward prisoner cases the undersigned has seen. Throughout the proceedings, Plaintiff has repeatedly demonstrated that he understands the legal principles of his case and the type of evidence that is relevant to those principles. At the evidentiary hearings, he was able to understand nuanced questions and intelligently present his own testimony, to call and examine his witnesses, and to introduce exhibits. While Plaintiff would have liked an attorney, and it is conceivable that an attorney may have helped him in some ways, the same can undoubtedly be said for all prisoner plaintiffs. But the Court does not have the ability to recruit counsel for each and every one of them. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), *reh'g denied* (May 16, 2014) ("Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most.") It is clear that Plaintiff did

---

[3] The motion the letters were attached to was titled "Motion to Expose IDOC's Prosecutorial Misconduct, Violation (s) of Court Order, Obstruction of Justice, and to Strike Attorney General/Defendants Deposition" (Doc. 58).

not require the aid of an attorney at any point during the course of litigation, and there is no reasonable likelihood that the outcome would have been different had an attorney been appointed for him. Accordingly, the Court sees no reason to reject any portion of the Report and Recommendation. Plaintiff's objection is overruled.

In conclusion, the Court finds the rationale of the Report and Recommendation sound. Plaintiff did not submit sufficient evidence or argument that Defendant Heidemann's action or inactions with respect to the documents on the library's bulletin board created an objectively serious risk of harm to his health or safety. Plaintiff also did not submit sufficient evidence or argument that Defendant Heidemann was deliberately indifferent to any risk that he faced. Accordingly, the Report and Recommendation is adopted in its entirety and judgment will be entered in favor of Defendant Heidemann.

## <u>CONCLUSION</u>

The Court **ADOPTS** Magistrate Judge Frazier's Report and Recommendation (Doc. 65). Plaintiff's objections to the Report and Recommendation (Doc. 68) are **OVERRULED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Donna Heidemann and against Plaintiff William Malone.

## <u>NOTICE</u>

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion

showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v.*

*CSX Transp., Inc.,* 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   March 4, 2016**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**